2022R00440/JLH

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Edward S. Kiel |
| v. | : | Magistrate. No. 22-15110 |
| JANET LEE BLISSITT | : | **CRIMINAL COMPLAINT** |

I, Edgar W. Koby, Jr., being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
Edgar W. Koby, Jr., Special Agent
Federal Bureau of Investigation

Special Agent Koby attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 13th day of May, 2022.

_____
Hon. Edward S. Kiel
United States Magistrate Judge

## ATTACHMENT A

### Wire Fraud
### 18 U.S.C. § 1343

From at least in or around October 2021 through in or around March 2022, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

### JANET LEE BLISSITT,

did knowingly devise and intend to devise a scheme and artifice to defraud victims, including Law Firm-1, of money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purposes of executing and attempting to execute this scheme and artifice to defraud, the defendant knowingly and intentionally did transmit and cause to be transmitted by means of wire, radio and television communications in interstate commerce, certain writings, signs, signals, pictures and sounds, including a wire communication sent on or about December 2, 2021, from a location in Florida to a location in New Jersey.

In violation of Title 18, United States Code, Section 1343.

## ATTACHMENT B

I, Edgar W. Koby, Jr., am a Special Agent of the Federal Bureau of Investigation. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including audio recordings, business records, bank records, and other materials. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At all times relevant to this Criminal Complaint:

    a. Defendant Janet Blissitt was a resident of Margate, Florida and was a bookkeeper and assistant who worked for Law Firm-1.

    b. Law Firm-1 was a law firm based in Boca Raton, Florida.

    c. Law Firm-1 maintained several different bank accounts that it used as a part of its business, to which Blissitt had access in her role as a bookkeeper, including the following:

        i. Law Firm Trust Account-1

        ii. Law Firm Operating Account-1

        iii. Law Firm Money Market Savings Account-1

        iv. Client Trust Account-1

        v. Client Trust Account-2

2. Blissitt maintained a personal bank account at another bank (the "Blissitt Account").

3. While employed by Law Firm-1, Blissitt was provided a business email address to use while she was working for Law Firm-1 (the "Blissitt Law Firm Email Account").

4. Law enforcement is investigating Blissitt for embezzling money from Law Firm-1's business bank accounts. While the investigation remains ongoing,

Law Firm-1 estimates that Blissitt embezzled over $3 million from Law Firm-1's bank accounts, including Law Firm-1's operating and client trust accounts.

5. On or about November 18, 2021, Blissitt transferred approximately $30,000 from Law Firm Trust Account-1 and transferred it to Law Firm Operating Account-1. Blissitt provided a false description on the transfer, stating that the purpose of the transfer was for "Partial Atty Fees." Later that day, without authorization from Law Firm-1, Blissitt executed a wire transfer from Law Firm Operating Account-1 to the Blissitt Account.

6. On or about November 24, 2021, without authorization from Law Firm-1, Blissitt executed another wire transfer from the Law Firm Operating Account-1 to the Blissitt Account.

7. On or about November 30, 2021, without authorization from Law Firm-1, Blissitt wired approximately $3,000 from Law Firm Operating Account-1 to a business bank account in Springfield, New Jersey, in the name of "Ultrawells LLC," with a recipient address in Newark, New Jersey (the "Ultrawells Account").

8. On or about December 2, 2021, Blissitt transferred approximately $50,000 from Law Firm Trust Account-1 and transferred it to Law Firm Operating Account-1. Blissitt provided a false description on the wire transfer, stating that the purpose of the transfer was for attorney's fees.

9. On or about the same day, Blissitt transferred approximately $43,000 from Law Firm Money Market Savings Account-1 to Law Firm Operating Account-1. Blissitt provided a false description on the wire transfer, stating that the purpose of the transfer was for attorney's fees.

10. Later on or about the same day, without authorization from Law Firm-1, Blissitt wired approximately $93,500 from Law Firm Operating Account-1 to the Ultrawells Account.

11. On or about December 7, 2021, Blissitt sent two emails from her personal email account to the Blissitt Law Firm Email Account. One email contained a screen capture of the wire transfer confirmation described in Paragraph 10. The other email contains a screenshot of a Skype message with "Jack Walker," containing the Ultrawells Account address, routing, and account number.

12. On or about December 9, 2021, Blissitt transferred approximately $630,000 from Law Firm Money Market Savings Account-1 to Law Firm Operating Account-1. Blissitt provided a false description that the purpose of the transfer was for fees. Later on or about the same day, without authorization from Law Firm-1, Blissitt wired approximately $199,999 from the Law Firm

Operating Account-1 to a business bank account in Jersey City, New Jersey, in the name of "Emmakay LLC" (the "Emmakay Account").

13. On or about December 10, 2021, without authorization from Law Firm-1, Blissitt wired approximately $230,000 from the Law Firm Operating Account-1 to the Ultrawells Account.

14. On or about December 14, 2021, without authorization from Law Firm-1, Blissitt wired approximately $200,001 from the Law Firm Operating Account-1 to the Emmakay Account.

15. On or about January 7, 2022, Blissitt forwarded an email from her personal email account to the Blissitt Law Firm Email Account. The email was from a "Jack Walker" (the "Jack Walker Email Account") and had the subject line: "New Account My Love." The body of the email included the account and routing number for a bank account maintained in Bayonne, New Jersey.

16. On or about January 27, 2022, Blissitt forwarded from her personal email account to the Blissitt Law Firm Email Account an email from the Jack Walker Email Account. The email contained the account name, routing number, and account number for a business bank account in Ohio, and listed: "Purpose: Invoice Payment."

17. Shortly thereafter, on or about the same day, Blissitt transferred approximately $70,000 from the Client Trust Account-1 to the Law Firm Operating Account-1. Blissitt provided a false description on the transfer, stating that the purpose of the transfer was for fees.

18. Approximately one minute later, on or about the same day, Blissitt transferred approximately $26,800 from the Client Trust Account-2 to the Law Firm Operating Account-1. Blissitt provided a false description on the transfer, stating that the purpose of the transfer was for fees.

19. Approximately thirty minutes later, on or about the same day, without the authorization of Law Firm-1, Blissitt wired approximately $96,800 from the Law Firm Operating Account-1 to the Ohio bank account referenced above in Paragraph 16.